UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>MARIA IVETTE ORTIZ RIVERA<br><br>       DEBTOR (S) | CASE NO. 14-00792-BKT<br><br>CHAPTER 13 |

# TRUSTEE'S UNFAVORABLE REPORT
# ON PROPOSED PLAN CONFIRMATION UNDER §1325

TO THE HONORABLE COURT:  NOW COMES, José R. Carrión, Chapter 13 Trustee, and very respectfully alleges and prays:

This is the Trustee's position regarding the request, under **11 U.S.C. §1325**, for the confirmation of a Chapter 13 Plan.

Debtor(s)' Income: **Above Median / 60 months commitment period.**    Gen Unsecured Pool: **$7,242.60**

The **LIQUIDATION VALUE** of the estate has been determined in **$0  R2016 STM**. **$3,000.00**

**TOTAL ATTORNEYS FEES THRU PLAN: $2,831.00   Fees paid: $0.00   Fees Outstanding: $2,831.00**

With respect to the proposed (amended) Plan dated: **April 05, 2014** (Dkt 12).    Plan Base: **33,400.00**

The proposed (amended) plan can not be confirmed because it has the following deficiencies:

- Insufficiently Funded : Fails CREDITORS' BEST INTEREST TEST [§1325(a)(4)]
    (1) The Trustee objects to the Value assigned in Schedule B to cause of Action as $10,000.00.  As per copy of the complaint the amount being claimed is $100,000.00. Debtors must amend Schedule B to list the value of $1000,000.00 for the pending cause of action for liquidation value purposes. Until this cause of action is assigned a value the Trustee cannot calculate the case's liquidation value. "Legal Claims are assets whether or not they are assignable, especially when they are claims for money; as a first approximation, the value of Polis's claim is the judgment that she will obtain if she litigates and wins multiplied by the probability of that (to her) happy outcome. That is roughly how parties to money cases value them for purposes of determining whether to settle in advance of trial. They do so whether or not the claims is assignable; un-assignable claims (tort claims, for example) command positive prices in the settlement market."In re Polis, 217 F.3d 899, 902 (C.A.7 (Ill.), 2000).

- Fails Disposable Income Test [11 U.S.C. §1325(b)]
    The Trustee objects other provisions in plan regarding the submission of the Christmas bonus, debtor must fund the plan on a yearly basis with an AVG of $1,600 a fixed amount.

- Fails Disposable Income Test : Debtor(s) fails to commit all future earnings / projected disposable income to fund the plan. [§1322(a)(1) & §1325(b)(1)(B)]
    Debtor must submit evidence of common law spouse expense in the amount of $1,351.30.

- Fails Disposable Income Test : Unreasonable Expenses; Unwarranted payroll Deductions; Fails to use Income Tax refunds and Others. [§1322(a)(1) & §1325(b)(1)(B)]
    Tax refund in the amount of $1,674.00 to be received from 2013 Tax returns must be used to fund the plan.

Due to the above described deficiencies in the proposed plan the Trustee Objects to the Confirmation of the same.

CERTIFICATE OF SERVICE: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(s), and to her/his/their attorney through CM-ECF notification system.

In San Juan, Puerto Rico this April 22, 2014.

/s/ Juliel Perez -Staff Attorney

_____

JOSE R. CARRION
CHAPTER 13 TRUSTEE
PO Box 9023884, San Juan, PR 00902-3884
Tel. (787) 977-3535  Fax  (787) 977-3550

jp